UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD BENNETT,

      Petitioner,

                                         Case Number 17-cv-10565
                                         Honorable Thomas L. Ludington

J.A. TERRIS,

      Respondent.
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S REQUEST
FOR DISPOSITION OF HIS HABEAS PETITION, DENYING
HIS RENEWED REQUEST FOR AN EVIDENTIARY HEARING,
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner Donald Bennett, an inmate at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The petition challenges a notice of action issued by the United States Parole Commission on December 6, 2004. The notice ordered the following action:

> Parole effective November 30, 1989 *nunc pro tunc* after the service of 20 months, relative to 60-month parolable term under 87-CV-874-1 to your consecutive non-parolable terms only.

*Id.*, Ex. A.

Petitioner alleges that he did not request or desire this order and that the order caused the Federal Bureau of Prisons (the BOP) to recompute his sentence and extend his projected date of release by twenty-eight months. The Government argues in an answer to the petition that the Bureau of Prisons correctly calculated Petitioner's sentence and that the Parole Commission's order had no effect on the computation of Petitioner's sentence. ECF No. 5. The petition will be

denied because the BOP's computation of Petitioner's sentence is entitled to deference and Petitioner did not exercise diligence in bringing his claim.

I.

Petitioner was convicted in the United States District Court for the Northern District of Illinois of the following crimes: conspiracy to take money by force from federally insured banks, 18 U.S.C. § 371 (Count One); five counts of armed bank robbery, 18 U.S.C. § 2113(a) (Counts Two, Four, Six, Eight, and Eleven); and five counts of using a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c) (Counts Three, Five, Seven, Nine, and Twelve). Pet., Ex. G. On June 28, 1989, the trial judge sentenced Petitioner to prison for a total of fifty years. Petitioner received

> a five year term on the § 37[1] conspiracy count and the last robbery conviction under § 2113(a) (Counts One and Eleven). In addition, he was sentenced to five years on the first § 924(c) conviction and ten years on each of the four subsequent § 924(c) convictions (Counts Three, Five, Seven, Nine and Twelve), to be served *consecutively* to the sentence imposed on Counts One and Eleven. [The trial judge] also sentenced Bennett to five year terms for each of the remaining robbery convictions (Counts Two, Four, Six and Eight), to run *concurrently* with each other and the other sentences.

*United States v. Bennett*, No. 87 CR 874, 1992 WL 194644, at *1 (N.D. Ill. June 30, 1992) (unpublished) (emphases in original). The Seventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences, *see United States v. Bennett*, 908 F.2d 189 (7th Cir. 1990), and the Supreme Court denied Petitioner's application for a writ of certiorari. *See Bennet v. United States*, 498 U.S. 991 (1990).

While incarcerated, Petitioner also was convicted of conspiracy to commit wire fraud, 18 U.S.C. § 371, and on August 7, 2002, he was sentenced to forty months in prison, consecutive to

the fifty-year sentence for his previous crimes. As of December 6, 2004, Petitioner's projected release date was February 1, 2022. On that date, however, the Parole Commission issued the notice of action in dispute in this case. The notice reads:

> In the case of [Donald Bennett], the following action was ordered:
>
> Parole effective November 30, 1989 *nunc pro tunc* after the service of 20 months, relative to 60-month parolable term under 87-CV-874 to your consecutive non-parolable terms only.
>
> The above decision is not appealable.
>
> Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Pet., ECF No. 1, Ex. A (emphasis in original).

On March 22, 2005, the BOP computed Petitioner's sentence and determined that Petitioner was still projected to be released from custody on February 1, 2022. *Id.*, Ex. B. On March 30, 2005, however, the BOP again computed Petitioner's sentence and indicated that Petitioner's projected date of release was June 19, 2024. *Id.*, Ex. C. According to Petitioner, this computation of his sentence was a result of the Parole Commission's *nunc pro tunc* order dated December 6, 2004.

Petitioner wrote to the Parole Commission in 2012 and asked the Commission to recall its 2004 notice of action. *Id.*, Ex. E. He received no response. In 2016, he wrote a second letter to the Parole Commission raising the same issue. *Id.*, Ex. F. He alleges that the Parole Commission has not responded to his letters.

Petitioner also challenged the computation of his sentence through the BOP's administrative remedy procedure. The warden denied his request for relief, *see* Reply to Respondent's Answer, ECF No. 6, Ex. A, p. 2, and on September 26, 2016, a regional director for the BOP upheld the warden's response, stating that Petitioner should contact the United States Parole Commission. *Id*., Ex. B, p. 2. Petitioner appealed to the Central Office of the BOP, but the administrator of National Inmate Appeals denied his appeal. *Id*., Ex. C, p. 2.

In 2012, Petitioner filed a habeas petition in which he alleged that the BOP was erroneously computing his fifty-year sentence as a fifty-five-year sentence. *See Bennett v. Walton*, No. 2:12-cv-14255, ECF No. 1 (E.D. Mich. Sept. 24, 2012). The petition was referred to the Magistrate Judge, who recommended that the petition be dismissed for failure to exhaust administrative remedies. *Id*., ECF No. 12. The assigned judge adopted the Magistrate Judge's Report and Recommendation and dismissed the petition without prejudice. *Id*., ECF No. 15.

On February 21, 2017, Petitioner filed his current habeas petition. He alleges that the Parole Commission's *nunc pro tunc* notice of action dated December 6, 2004, caused the BOP to recalculate his sentence and extend his projected release date from February 1, 2022, to June 19, 2024. Petitioner claims that the recalculation increased his punishment by twenty-eight months. Mem. in Support of Pet., ECF No. 1, pp. 1-3. Petitioner requests that the Court order the Parole Commission to rescind its *nunc pro tunc* notice of December 6, 2004, and to order the BOP to recompute his sentence to show a presumptive release date of February 6, 2022. *Id*. at 4-5. Petitioner also wants the Court to issue a declaration stating that he cannot be forced to accept the *nunc pro tunc* notice. *Id*. at 5. Although the Government maintains that Petitioner still has not

exhausted administrative remedies for his claim, the Government waives the exhaustion defense. Response to Pet. for Writ of Habeas Corpus, ECF No. 5, p. 5

## II.

### A.

Petitioner filed his habeas corpus petition under 28 U.S.C. § 2241. A habeas petition is the proper means for Petitioner's challenge to the computation of his sentence because the duration of his confinement is at stake. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 500 (1973). Petitioner also acted properly in bringing his claim under § 2241 because he is challenging the manner or execution of his sentence. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). But Petitioner is entitled to habeas corpus relief only if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

At issue here is the computation of Petitioner's sentence. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "Although *Wilson* does not exempt such determinations from judicial review, that case might be viewed as implying that the BOP is entitled to some deference in carrying out its statutory duty." *United States v. Flowers*, 934 F. Supp. 853, 855 (E.D. Mich. 1996).

### B.

The computation of Petitioner's sentence is complicated by the fact that some of his crimes were committed before November 1, 1987, and two of his crimes (the armed bank robbery in Count Eleven and the final firearm offense in Count Twelve) were committed after that date. November

1, 1987, is the effective date of the Sentencing Reform Act of 1984 ("SRA"), which "replaced parole with supervised release. However, prisoners who committed offenses prior to November 1, 1987 remained eligible for parole according to the pre-Sentencing Reform Act system." *Terrell v. United States*, 564 F.3d 442, 444–45 (6th Cir. 2009) (citing *Vershish v. U.S. Parole Comm'n*, 405 F.3d 385, 388 n. 2 (6th Cir.2005)). The SRA also reduced the amount of statutory good conduct time that a federal prisoner can earn to lower the amount of time spent in custody.

The computation of Petitioner's sentence is further complicated by the fact that some of his sentences are running concurrently, and some sentences were ordered to run consecutively. In addition, four of the firearm offenses (Counts Three, Five, Seven, and Nine) were committed before November 1, 1987, but due to the nature of the crime, Petitioner is not eligible for parole on those counts.

When the BOP computed Petitioner's sentence, it treated Petitioner's sentences for four of the armed robberies (Counts Two, Four, Six, and Eight) and the sentence for the bank conspiracy (Count One) as a single five-year parolable sentence. Resp't Brief in Support of Response to Pet., ECF No. 5, p. 3, and Ex. 1, p. 2. The sentence began to run on June 28, 1989, and on November 30, 1989, Petitioner was deemed released on parole for that sentence, even though he was still incarcerated on his other crimes. *Id*., Brief, p. 3, and Ex. 1, p. 3; Pet. for Writ of Habeas Corpus, Ex. A.

The sentence for the remaining armed robbery conviction (Count Eleven), also began to run on June 28, 1989, but because that crime was committed on November 2, 1987, the SRA applied, and Petitioner was not eligible for parole on his five-year sentence for that count.

However, due to good conduct time, Petitioner was able to complete his sentence for that crime on August 7, 1992. *Id*., Brief, p. 3, Ex. 1, pp. 4-5.

Petitioner's sentences for four of his firearm convictions (Counts Three, Five, Seven, and Nine) total thirty-five years. Those sentences began to run on August 7, 1992, when Petitioner finished serving his sentence for the last armed robbery conviction (Count Eleven). Petitioner was not eligible for parole on the sentences for those convictions even though those crimes were committed before the effective date of the SRA. However, he was entitled to 4,200 days of statutory good time credits, and he was released from those sentences on November 13, 2012. *Id*., Brief, p. 4, Ex. 1, pp. 8-10.

The ten-year sentence for the remaining firearm conviction (Count Twelve) was combined with Petitioner's sentence for the wire fraud conspiracy. The sentence began to run on November 13, 2012, after Petitioner's discharge from his sentence for the other firearm convictions. *Id.,* Brief, p. 4, Ex. 1, pp. 11-12. Petitioner's projected release date is June 23, 2024. *Id*., Ex. 1, pp. 1 and 13.

The Parole Commission's *nunc pro tunc* order dated December 6, 2004, does not appear to have a negative impact on the computation of Petitioner's sentence, because it merely treated Petitioner as being eligible for parole on his first five-year term as of November 30, 1989. Petitioner's release on parole for that five-year term made it possible for him to begin serving his next five-year term. Moreover, at the time of the Parole Commission's Notice of Action, Petitioner was still serving his non-parolable thirty-five-year sentence for four of his firearm offenses.

The Government has not explained why the BOP changed Petitioner's projected release date from February 1, 2022, to June 19, 2024, after the Parole Commission issued its 2004 Notice of Action. However, the BOP's computation of Petitioner's sentence is entitled to deference. *Flowers*, 934 F. Supp. at 855; *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 685 n. 3 (E.D. Ky. 2004).

Additionally, the Government contends that the BOP cannot explain its 2004 sentencing computation because that computation was made years before Petitioner filed his petition and because the BOP does not keep copies of its computations after it makes changes. This argument is consistent with the doctrine of laches. "In this circuit, laches is 'a negligent and unintentional failure to protect one's rights.'" *U.S. v. Loveland, Ohio,* 621 F.3d 465, 473 (6th Cir. 2010) (quoting *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.,* 936 F.2d 889, 894 (6th Cir. 1991). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.,* 270 F.3d 298, 320 (6th Cir. 2001). The doctrine applies to habeas actions, *Carson v. Burke*, 178 F.3d 434, 437 (6th Cir. 1999), like other actions for relief, because "[t]he privileges of the writ of habeas corpus are not unlimited." *Spalding v. Aiken*, 460 U.S. 1093, 1096 (1983).

The Parole Commission issued its *nunc pro tunc* notice of action on December 6, 2004, and Petitioner filed his habeas corpus petition more than twelve years later on February 21, 2017. Even a ten-year delay demonstrates a lack of diligence, *United States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (citing *United States v. Dyer,* 136 F.3d 417, 429 (5th Cir. 1998)), and the Government alleges that it was prejudiced by Petitioner's delay in bringing his claim because the BOP cannot reconstruct the sentence computation it made twelve or thirteen years ago. The Court will deny his petition because there is an absence of a colorable claim of innocence, a lack of

evidence that a significant miscarriage of justice has occurred, and no showing that Petitioner's claim could not have been discovered earlier,. *Spalding*, 460 U.S. at 1097-98; *Carson*, 178 F.3d at 437.

### III.

Petitioner has failed to show that he is in custody in violation of federal law.

Accordingly, it is **ORDERED** that Petitioner's habeas petition, ECF No. 1, is **DENIED**.

It is further **ORDERED** that the requests which Petitioner made on October 3, 2018, ECF No. 10, are granted in part and denied in part. The request for disposition of the habeas petition is **GRANTED**, but the renewed request for an evidentiary hearing is **DENIED**.

It is further **ORDERED** that leave to proceed in forma pauperis on appeal is **GRANTED**.

It is further **ORDERED** that Petitioner need not apply for a certificate of appealability because the relevant statute "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Dated: May 6, 2019  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Donald Bennett** #84184-132, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on May 6, 2019.

                                          s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager